IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA         :
                                 :    CRIMINAL ACTION
                                 :    04-10348-MEL
         v.                      :
                                 :
MARIO RODRIGUEZ PERALTA          :
```

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States, by and through its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts and Nadine Pellegrini, Assistant U.S. Attorney, hereby file this Response to Defendant's Sentencing Memorandum as follows:

1. The indictment charged a violation of 8 U.S.C. §1326(a)(1) and (b)(2), placing the Defendant on notice that the statutory maximum for the crime to which he pled guilty is twenty years.

2. The fact of a prior conviction which is used as a sentencing enhancement is not required to be alleged within indictment nor admitted to by Defendant.

3. <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998) has not been overruled by the Supreme Court and this court cannot ignore the holding of the case.

4. Defendant pled guilty to being found within the United States on the date charged within the Indictment which was subsequent to his state court conviction.  Therefore, state court sentence is correctly contemplated in his Criminal History pursuant to the First Circuit's ruling in <u>United States v. Cuevas</u>, 75 F.3d 778 (1st Cir. 1996).

**I. Defendant's Prior Convictions for Aggravated Felonies Can Be Properly Considered By the Court**

Essentially, all of the Defendant's arguments regarding the use of his prior convictions as sentencing enhancements are based upon the same faulty premise: that <u>United States v. Booker</u>, 125 S.Ct. 738 (2005); <u>Shepard v. United States</u>, 125 S.Ct. 1254 (2005); and <u>Blakey v. Washington</u>, 124 S.Ct. 2531 (2204), require either the pleading of a prior conviction within the Indictment and/or the submission to the jury on the issue if the Defendant does not admit to his prior record. This is simply not the law and cannot be applied to this scenario.  The First Circuit has determined:

> The rational of *Apprendi* and therefore of *Blakey* simply does not affect sentence-enhancement provisions premised upon a defendants' prior criminal convictions. <u>United States v. Stearns</u>, 387 F.3d 104, 107(1st Cir. 2004), cert. denied, -U.S.-, 125 S.Ct. 1614; <u>United States v. Moore</u>, 286 F.3d 437, 51 (1st Cir 2002). See generally *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) (explaining that prior offense need not be alleged in an indictment nor put before a jury.) **In the**

**roiled wake of Booker, it remains the law that previous criminal convictions are not "facts" that must be found by a jury and proved beyond a reasonable doubt.** See United States v. Lewis, 406 F.3d 11, 21 n. 11 (1st Cir. 2005.)

United States v. Work, 409. F.3d 484, 491, n. 1 (2005)(emphasis added).

Moreover, in United States v. Ivery, _ F.3d _ , (03-2496) (October 20, 2005), the First Circuit addressed this very issue: "We have ruled with a regularity bordering on the monotonous that, given the explicit exception and force of Almendarez-Torres, the rational of Apprendi does not apply to sentence-enhancement provisions based upon prior criminal convictions," quoting United States v. Moore, 286 F. 3d 47, 51 (1st Cir. 2002).

The First Circuit went on to reject the same claim raised now by Peralta: that United States v. Shepard, -U.S.-, 123 S.Ct. 1254 (2005), stands for the proposition that Almendarez-Torres has been overruled. ("Ivery insists, relying on Justice Thomas's concurrence in Shepard, that Almendarez-Torres is inconsistent with Apprendi and Booker.") The First Circuit firmly stated: "We disagree," noting that "[i]t is not our place to anticipate the Supreme Court's reconsideration of its prior rulings; thus **Almendarez-Torres remains binding law that we must apply until overruled by a majority of the Supreme Court**."(emphasis added).

**II. Defendant's Criminal History Computation is Correct**

Defendant also ignores binding law, and urges this court to do the same, when he asserts that it is error to impose the two point computation which he received at PSR paragraph 42 pursuant to U.S.S.G. Section 4A1.1(d).  Defendant argues that the government was aware of his presence and choose to wait to indict him until after he was convicted by another sovereign.

First, there is no question but that the government's prosecution was timely.  If the government brings its prosecution within the applicable statute of limitations, then the bringing of charges after the defendant has been convicted by another sovereign is not a basis for a departure or for the removal of properly calculated criminal history points.

Moreover, once again, the defendant urges this Court to ignore the precedent of the First Circuit. In <u>United States v. Cuevas</u>, 75 F.3d 778 (1st Cir. 1996), Cuevas also argued that the two points under U.S.S.G. Section 4A1.1 were applied in error. He claimed that he re-entered the United States illegally in 1990, prior to his conviction for a state crime which occurred in 1994. He therefore argued that "he could not have committed that offense [illegal re-entry] while under his 1994 state sentence." The Court dismissed this argument.  The First Circuit noted that, as here with Peralta, the defendant pled guilty to being **found** in

the United States on a date subsequent to his state court conviction. The First Circuit noted that 8 U.S.C. Section 1326(a) can be violated at three separate times: when an alien enters, when he attempts to enter or when he is at any time found within the United States. Cuevas, the Court noted, pled guilty to being found. "Thus, even though defendant illegally reentered the United States in 1990, he committed his Section 1326(a) offense in 1995 when he was "found." He was unquestionably serving a criminal probationary sentence for his 1994 state drug conviction at that time. There was no error in the district court's application of U.S.S.G. Section 4A1.1(d)." Cuevas, 75 F.3d at 784.

**II. A Sentence within the Applicable Guideline Range is Appropriate**

Defendant requests that the court consider a term of incarceration below the advisory guideline range.  Defendant points to his term of state incarceration prior to his federal custody and to the fact that he received an additional two criminal history points.[1]

The Defendant entered the United States without inspection at some unknown time and place. PSR 10. In 1993, he was convicted

---

[1] Earlier this month, in United States v. Tejada-Ortiz, 04-10349, U.S. District Court Judge Woodlock overruled the same arguments regarding the use of prior convictions and the 2 point criminal history enhancement presented by the Defendant who also faced sentencing for a violation of 8 U.S.C. Section 1326(a). Judge Woodlock imposed a sentence within the applicable guideline sentencing range of 57 months.

of possession with intent to distribute. In 1998, he was convicted of assault and battery. In 1999, he was deported but obviously illegally returned. While defense counsel now argues that the Defendant did not completely understand the ramifications of his re-entry, it is clear that the Defendant attempted to hide his identity by using a fraudulent alias when he was again convicted of drug trafficking. Defendant's course of conduct since he illegally entered the United States has been to ignore the orders of the courts and to evade detection by providing false information. There is nothing in this course of conduct which would indicate that the Defendant should be sentenced to something less than the applicable guideline range. There is nothing in the defendant's course of conduct which indicates that he respects and obeys the laws of the United States whether imposed by a state court or a federal immigration judge. Similarly, there is nothing in a sentence within the guideline range which is contrary to the purposes of sentencing as set forth in 18 U.S.C. §3553(a).

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By:  /s/Nadine Pellegrini
    Nadine Pellegrini
    Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by electronic filing:

>Page Kelley, Esq.
>
>Federal Defender's Office
>
>Boston, MA    02210

This 25th day of October, 2005.

>  /s/Nadine Pellegrini
> Nadine Pellegrini
> Assistant U.S. Attorney