AO 245B Sheet 1 - Judgment in a Criminal Case - D. Massachusetts (03/02)

# United States District Court
## District of Massachusetts

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| MARIO RODRIGUEZ PERALTA | Case Number: 1: 04 CR 10348 - 001 - MEL |

Page Kelley
Defendant's Attorney

**THE DEFENDANT:**

[x] pleaded guilty to count(s): 1
[ ] pleaded nolo contendere to counts(s) _____ which was accepted by the court.
[ ] was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 8 USC § 1326 | Alien in US after Deportation | 11/01/04 | 1 |

[ ] See continuation page

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) _____ and is discharged as to such count(s).

[ ] Count(s) _____ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

10/26/05
Date of Imposition of Judgment

Signature of Judicial Officer

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 00/00/69

Defendant's USM No.: 25435-038

The Honorable Morris E. Lasker
Name and Title of Judicial Officer

Defendant's Residence Address:
Plymouth County House of Correction
26 Long Pond Rd.
Plymouth, Mass 02026

Senior Judge, U.S. District Court

Date 10/27/05

Defendant's Mailing Address:
same

CASE NUMBER: **1: 04 CR 10348 - 001 - MEL**   Judgment - Page 2 of 6
DEFENDANT: **MARIO RODRIGUEZ PERALTA**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of   48   month(s)

The defendant to be credited with time served from November 24, 2004 to present.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ on _____
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before _____ on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B  Sheet 3 - Supervised Release - D. Massachusetts (10/01)

CASE NUMBER: 1: 04 CR 10348 - 001 - MEL  
DEFENDANT: MARIO RODRIGUEZ PERALTA

Judgment - Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of     36   month(s)

[x] See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x]  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Continuation Page - Supervised Release/Probation

CASE NUMBER: 1: 04 CR 10348 - 001 - MEL  
DEFENDANT: **MARIO RODRIGUEZ PERALTA**

Judgment - Page 4 of 6

## Continuation of Conditions of [x] Supervised Release [ ] Probation

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

The defendant shall submit to the collection of a DNA sample as directed by the Probation Office.

The defendant if ordered deported, is to leave the United States and is not to return without prior permission of the Secretary of the Department of Homeland Security.

The defendant shall use his true name and is prohibited from the use or any false identifying information which includes, but is not limited to, any aliases, false dates of birth, false social security numbers, and incorrect places of birth.

CASE NUMBER: **1: 04 CR 10348 - 001 - MEL**
DEFENDANT: **MARIO RODRIGUEZ PERALTA**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| TOTALS | $100.00    |      |             |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|----------------------|-------------------------------|-----------------------------------------|
|               |                      |                               |                                         |

☐ See Continuation Page

| TOTALS | $0.00 | $0.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:
  ☐ the interest requirement is waived for the  ☐ fine and/or  ☐ restitution.
  ☐ the interest requirement for the  ☐ fine and/or  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

CASE NUMBER: 1: 04 CR 10348 - 001 - MEL
DEFENDANT: **MARIO RODRIGUEZ PERALTA**

Judgment - Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [X] Lump sum payment of $100.00 due immediately, balance due

   [ ] not later than _____, or
   [ ] in accordance with [ ] C, [ ] D, or [ ] E below; or

B [ ] Payment to begin immediately (may be combined with C, D, or E below); or

C [ ] Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

   Case Number, Defendant Name, and Joint and Several Amount:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

[ ] See Continuation Page

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.



Carollynnscott @cs.com  
10/27/2005 08:53 AM

To George_Howarth@mad.uscourts.gov  
cc  
bcc  
Subject US v. Peralta sentencing

 1

1           THE COURT: All right. Thank you.

2           Do you want to remaining standing, Mr. Peralta.

3           Mr. Peralta, you stand before me convicted on your
4    plea of guilty of coming back to this country illegally
5    after being a deported alien. Against you is the fact that
6    you returned to the United States after having been legally
7    deported and without permission to return. And as you have
8    a significant criminal record, including possession of Class
9    A substances, illegal possession of marijuana, forgery of
10   automobile documents, assault, distribution of heroin, for
11   which you have been sentenced to three to five years
12   already.

13          On the other hand, in your favor is the fact that
14   you have frankly admitted your offense. And I believe what
15   you say today about your regrets for your behavior. And I
16   understand that you were raised in very difficult conditions
17   of poverty in Santo Domingo when you were a boy. And that
18   you have made efforts to earn your living legitimately and
19   to support five children whom you have fathered with two
20   different women.

21          Your counsel argues some legal questions which I
22   have just told her I don't agree with. She has added that
23   she believes that your prior convictions are overrepresented
24   or do overrepresent the seriousness of your criminal

25    history. I am not sure I agree with that either.

2

1     But accordingly, in any event, I do find that the
2     Guidelines would impose a sentence even at the lower end,
3     which is excessive under 3553A to accomplish the purposes of
4     the law.
5     And bearing all these things in mind, the
6     characteristics of the defendant, the need to protect the
7     public from further offenses by him, the need to provide
8     just punishment which is sufficient but not excessive, the
9     following sentence is imposed:
10    Pursuant to the Sentencing Reform Act of 1984 and
11    having considered the sentencing factors enumerated in 18
12    U.S.C., Section 3553A, it is the judgment of the Court that
13    the defendant Mario Rodriguez Peralta is hereby committed to
14    the custody of the Bureau of Prisons to be imprisoned for a
15    term of 48 months.
16    Upon release from imprisonment the defendant shall
17    be placed on supervised release for a term of three years.
18    Within 72 hours of release from custody from the
19    Bureau of Prisons, the defendant shall report in person to
20    the district to which the defendant was released.
21    While on supervised release the defendant shall
22    comply with the following terms and conditions:
23    One, he shall not commit any other offense.
24    Two, he shall refrain from any unlawful use of a
25    controlled substance and submit to a drug test within

3

1    fifteen days of release from imprisonment and have at least
2    two periodic drug tests thereafter not to exceed 104 tests
3    per year.
4         Three, the defendant shall commit to the collection
5    of a DNA sample as directed by the Probation Office.
6         Four, the defendant shall comply with the standard
7    conditions that have been adopted by the Court as described
8    at Sentencing Guidelines Section 5D1.3C and will be set
9    forth in detail in the judgment.
10        Fifth, if ordered deported, the defendant is to
11   leave the United States and not to return without prior
12   permission of the Secretary of the Department of Homeland
13   Security.
14        Six, the defendant shall use his true name and is
15   prohibited from using false identifying information which
16   includes but is not limited to any aliases, false dates of
17   birth, false Social Security numbers, and incorrect places
18   of birth.
19        It is further ordered that the defendant shall pay
20   the United States a special assessment of $100 which shall
21   be due immediately.
22        Now, Mr. Peralta, I'd like to talk to you man to
23   man.  I am sorry I had to read all these things but they're
24   part of the law and they must be in the record.  And they
25   are the conditions imposed on you.

4

```
1          The guidelines in this case proscribe a sentence of
2     between 70 and 87 months.  I have gone below the guidelines
3     trying to take into consideration the proposition that your
4     counsel put before me and that you put before me.
5          I have sentenced you to 48 months.  You have
6     already served what, about a year.  That reduces it to 36
7     months.  And with good behavior there will be some further
8     reduction as well.
9          You will be doing time but you won't be there
10    forever.  You will have a chance after this is all over to
11    go back and rebuild your life.  I wish you well and I hope
12    that that can happen.
13          And that concludes the proceedings.
14               MS. KELLEY:  Thank you, Your Honor.
15               THE CLERK:  All rise.
16               THE COURT:  Shall I note an exception?
17               MS. PELLEGRINI:  No, Your Honor.
18               THE COURT:  Okay.
19               THE CLERK:  Court is now in recess.
20
21
22          (WHEREUPON, the proceedings were recessed at 2:45
23     p.m.)
24
25
```